IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAWA, INC., a corporation of the State of New Jersey, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. 04-322-KAJ |
| THE GOVERNMENT OF NEW CASTLE COUNTY, DELAWARE, a political subdivision of the State of Delaware, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

**COMPENDIUM OF UNREPORTED CASES CITED IN
PLAINTIFF WAWA, INC.'S REPLY BRIEF
IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>**

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Edward M. McNally (#614)
Matthew F. Lintner (#4371)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19899
(302) 888-6800
Attorneys for Plaintiff Wawa, Inc.

Dated: March 28, 2005

## TABLE OF CONTENTS

      Tab

*Fliptop, Ltd. v. Government of New Castle County*,
    1983 WL 473056 (Del. Super. Ct. Sept. 30, 1983)..............................................1

*Meramec Specialty Co. v. City of Southaven, MS*,
    2000 WL 33907912 (N.D. Miss. Feb. 22, 2000) ..............................................2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAWA, INC., a corporation of the State of New Jersey, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 04-322-KAJ |
| THE GOVERNMENT OF NEW CASTLE COUNTY, DELAWARE, a political subdivision of the State of Delaware, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

# TAB 1

Westlaw.

Not Reported in A.2d
1983 WL 473056 (Del.Super.)
(Cite as: 1983 WL 473056 (Del.Super.))

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
FLIPTOP, LTD.
v.
THE GOVERNMENT OF NEW CASTLE COUNTY
No. CIV.A. 82C-FE-88.

Argued: Aug. 30, 1983.
Sept. 30, 1983.

Samuel J. Frabizzio, Esquire, Agostini & Frabizzio, Wilmington, for Plaintiff.

Richard Galperin, Esquire, Flanzer & Isaacs, Wilmington, for Defendant.

BALICK, J.

*1 Gentlemen:

This is the opinion and order on defendant's motion to dismiss on the ground of sovereign immunity.

This is an action for damages for the County's demolition of three partially constructed houses. The complaint alleges that construction ceased in January 1978 because of a dispute between plaintiff and a third party over improvements necessary for utilities. The County demolished the structures, one of which had previously been damaged by fire, in March 1980. The County alleges that this was an emergency measure to remove unsafe structures, in accordance with the building code.

Although the recognized police power to demolish structures that endanger public safety is not questioned, the complaint alleges that the structures were "adequately secured" and that the County was "negligent in failing to notify" plaintiff of its intent to demolish the structures. McQuillin Mun Corp § 24.559 (3rd Ed). These allegations are contested by the County, but, for the purpose of the motion before the court, we may assume that there was no emergency and that plaintiff was not given notice to which it was entitled.

Although the parties do not discuss the point in their briefs, they in effect assume that destruction of private property by a public body when use of the police power is not justified or the required procedure is not followed would be tort. _Himes v. City of Flint, Mich. Ct.App., 196 N.W.2d 321 (1972)_. The question thus becomes whether defendant is immune from this claim under the Tort Claims Act. 10 _Del. C._ Ch. 40.

Plaintiff contends that this claim falls within the following exception under the Act:
"A governmental entity shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:
(1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary."

10 _Del. C._ § 4012(1)

Plaintiff argues that this exception applies because machinery or equipment was used to carry out the demolition order.

This exception is intended to apply to negligent use of machinery or equipment, not to an intentional, but allegedly improper, exercise of police power. Cf. _Hedrick v. Blake, D. Del., 531 F.Supp. 156 (1982)_. Nor does the allegation that the County negligently failed to give plaintiff notice of its intention to demolish the structures change the fact that the use of machinery or equipment to demolish the structures was intentional, not negligent.

Plaintiff next argues that the County waived its immunity by obtaining insurance coverage. Since it appears that there is no insurance coverage, this contention need not be considered. But see _Wright v. New Castle County, et al.,_ Del.Super., C.A. No. 80C-DE-96, Balick, J. (Dec. 22, 1982).

Finally, plaintiff alleges that the County breached a "contractual legal obligation." A contract claim would not be covered by the Tort Claims Act. Plaintiff argues that this contractual obligation arises from the County's issuance of a building permit. On the face of it, issuance of a building permit would not create a contract between the parties, and no authority

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
1983 WL 473056 (Del.Super.)
**(Cite as: 1983 WL 473056 (Del.Super.))**

Page 2

is submitted for this contention. I therefore conclude that the complaint does not state a claim for breach of contract.

*2 For these reasons, it is ORDERED that defendant's motion to dismiss is GRANTED.

1983 WL 473056 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAWA, INC., a corporation of the State of New Jersey, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | C.A. No. 04-322-KAJ |
| THE GOVERNMENT OF NEW CASTLE COUNTY, DELAWARE, a political subdivision of the State of Delaware, ) ) ) ) ) | |
| Defendant. ) ) | |

# TAB 2

Westlaw.

Not Reported in F.Supp.2d
2000 WL 33907912 (N.D.Miss.)
(Cite as: 2000 WL 33907912 (N.D.Miss.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, N.D. Mississippi, Delta Division.
MERAMEC SPECIALTY COMPANY, Plaintiff
v.
CITY OF SOUTHAVEN, MISSISSIPPI, Defendant
No. 2:98CV171-EMB.

Feb. 22, 2000.

OPINION

BOGEN, Magistrate J.

*1 Defendant filed a motion to dismiss which the court construed as a motion for summary judgment pursuant to Rules 12(b)(6) & 56, F.R.C .P. By Order dated December 29, 1999, the court allowed limited discovery and granted the parties leave to supplement their briefs on the motion.

The parties in the above entitled action have consented to trial and entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The action is now ripe for decision pursuant to Local Rule 73.1.

Plaintiff leased land in DeSoto County from 1989-1997 for the purpose of selling fireworks. On December 15, 1997, the subject land was annexed by the City of Southaven, which had an ordinance prohibiting the sale of fireworks within its corporate limits except by special permit. Exhibit B to defendant's motion. Southaven waived enforcement of this ordinance and allowed plaintiff to sell fireworks through December 31, 1997, and on April 7, 1998, the Board of Aldermen of the City of Southaven voted to "grandfather in" all fireworks businesses that existed prior to the annexation. On April 9, plaintiff obtained an application for a special permit to sell fireworks during the Independence Day fireworks season. On April 14, 1998, the Mayor of the City of Southaven vetoed the action of the board which allowed established fireworks businesses to continue to sell fireworks, result-ing in the revocation of the permit issued to the plaintiff, and further prohibited for all time the sale of fireworks in the city limits.

Defendant contends that it was clearly within its rights to enforce the ordinance against fireworks, that the ordinance applied to annexed property, and that the doctrines of uninterrupted use or non-conforming use espoused by the plaintiff are inapplicable to the facts at hand.

Plaintiff contends in response that the enforcement of the ordinance and the refusal to issue a special permit was done arbitrarily and capriciously, and in contravention of plaintiff's right to non-conforming use of the land. Plaintiff further argues that the city had waived enforcement of the ordinance when it issued the permit, and that these are issues of material fact that must be resolved by a fact finder, thereby precluding summary judgment.

Mississippi law allows for the sale of fireworks during the New Years (December 5 through January 2) and Fourth of July holidays (June 15 through July 5). Miss.Code Ann. § 45-13-9. State law also provides for additional regulation of fireworks by municipalities. Miss.Code Ann. § 21-19-15. The City of Southaven had, since 1981, an ordinance prohibiting the sale of fireworks within its limits. There are no issues about the city's authority to enact this ordinance, and the constitutionality of the ordinance itself.

The court has read the cases cited by the parties in support of their respective positions, and finds that the case of Davidson v. City of Clinton, 826 F.2d 1430 (5th Cir.1987), is not only persuasive, but binding authority on this court, and mandates dismissal of the complaint in this action. In Davidson, the Fifth Circuit affirmed the district court's ruling that an ordinance (in this instance, one prohibiting the sale of liquor close to churches and schools) extends to annexed property and may be enforced against a landowner to the detriment of his business. Id., at 1434. The court held that such enforcement did not violate any of the landowner's property rights, particularly when the "rights" were based on a revocable permit, and that the property owner could not resort to the doctrine of non-conforming use to continue activity proscribed by the annexing authority. Id.

*2 Courts will not interfere with or substitute their judgment for that of the municipality in zoning

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2000 WL 33907912 (N.D.Miss.)
(Cite as: 2000 WL 33907912 (N.D.Miss.))

Page 2

matters unless the administration of the zoning ordinance is unreasonable, arbitrary, discriminatory, confiscatory, or an abuse of discretion. Holcomb v. City of Clarksdale, 65 So.2d 281, 284 (Miss.1953); Jones v. City of Hattiesburg, 42 So.2d 717, 718 (Miss.1949). There is a presumption that an ordinance is valid, and the party asserting that it is arbitrary or unreasonable as it applies to his property must prove this by clear and convincing evidence. Ballard v. Smith, 107 So.2d 580, 586 (Miss.1958).

Plaintiff makes much of Mayor Davis' deposition testimony regarding his discussions with the board members before his veto. Plaintiff characterizes this testimony as supportive of an arbitrary act and perhaps proof of coercion. Supplemental Response at ¶ 14. However, the court's reading of the mayor's testimony does not lead to such an inference.

Plaintiff also points to the Mayor's lack of referral to legal authorities and lack of understanding of any constitutional ramifications to his veto as evidence of arbitrary action. Supplemental Response, at ¶ ¶ 8, 9, 10, 11 and 12. However, evidence of arbitrariness is found when the action has no relation to the public health, safety, morals, or general welfare for which municipal police powers are granted. Village of Euclid v. Ambler Realty Co, 272 U.S. 365, 394 (1926). "If a decision could be considered fairly debatable then it could not be considered arbitrary or capricious." Fondren North Renaissance v. Mayor and City Council of the City of Jackson, 1999 WL 960071 (Miss.1999).

The mayor talked to other board members about their attitudes towards fireworks, and there is nothing about these discussions which suggests arbitrariness or coercion on anyone's part. It was also within the mayor's authority to veto the board's decision to allow plaintiff's business to continue within the newly annexed area and to revoke the permit extended to plaintiff on April 9, 1998. See Delta Construction Co. v. City of Pascagoula, 278 So.2d 436, 442 (Miss.1973) (mayor not acting arbitrarily in revoking permit issued in violation of existing ordinance) and City of Jackson v. Kirkland, 276 So.2d 654 (Miss.1973) (permit issued in error may be revoked even if person acted to his detriment in reliance upon it). In both these cases, the city refunded the costs incurred in obtaining the permit, as the city did in this case See Davis Depo., at 50 (plaintiff refunded filing fees in May 1998). As the court found in Davidson, a municipal ordinance in existence at the time of annexation operates throughout the city's boundaries regardless of their change, and the jurisdiction of the new authority attaches and that of the former authority ceases upon annexation. Davidson, at 1432. There is no dispute that when the permit was issued, the City of Southaven prohibited by ordinance the sale of fireworks, and that the action of the board on April 7, 1998, did not amend or repeal this ordinance.

*3 Plaintiff makes much of the fact that the action of the board to "grandfather in" existing fireworks businesses was not a measure within the meaning of § 21-3-15 which the mayor could veto, since the board did not present an "ordinance" to him for approval. The court, however, does not read § 21-3-15 to be so restrictive in the measures which a mayor can veto. The statute itself defines "ordinance," to include resolutions and orders. The court finds that, pursuant to the definitions contained in § 21-3-15, the action of the board, whether an ordinance or resolution, was subject to the mayor's veto power. Once the board's action was vetoed, the permit was no longer valid.

It is therefore the opinion of this court that the motion to dismiss, treated as a motion for summary judgment, should be granted, and this cause dismissed.

A separate order in accordance with this opinion shall issue this same date.

*FINAL JUDGMENT*
In accordance with an Opinion entered this day, it is hereby

ORDERED AND ADJUDGED:

1. That defendants' motion to dismiss, construed as a Motion for Summary Judgment, be, and it is hereby, GRANTED.

2. That all of plaintiff's claims against defendant be, and are hereby, dismissed with prejudice, and this action dismissed.

All memoranda, depositions, affidavits and other matters considered by the court in ruling on the motion for summary judgment are hereby incorporated and made a part of the record in this cause.

2000 WL 33907912 (N.D.Miss.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.