# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Matthew F. Lintner
(302) 888-6806
mlintner@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

April 18, 2005

**VIA E-FILING AND HAND DELIVERY**

The Honorable Kent A. Jordan
U.S. District Court for the
  District of Delaware
Lockbox 10
844 N. King Street
Wilmington, DE 19801

        RE:    Wawa, Inc. v. The Government of New Castle County, Delaware
                C.A. No. 04-322-KAJ

Dear Judge Jordan:

       This firm represents the plaintiff in the above-captioned action, and Ms. Jacobson represents the defendant, New Castle County. The matter involves a constitutional challenge to a County ordinance regulating underground storage tanks. We write to inform the Court that the parties have completed the briefing for cross-motions for summary judgment upon stipulated facts. Wawa, Inc. initially filed its motion for summary judgment (D.I. 23; D.I. 24; D.I. 25), and at the time of submitting its answering brief (D.I. 29), the County submitted its own cross-motion. (D.I. 26; D.I. 27.) Wawa then filed a reply brief. (D.I. 31.) The parties agree that the briefing submitted addresses both Wawa's motion and the County's cross-motion.

       Pursuant to a Scheduling Order entered by the Court on August 10, 2004 (D.I. 9), this matter was set for a four-day bench trial beginning on July 5, 2005, with a pretrial conference on June 23, 2005. Because both parties agree that there is no dispute of any material fact, and that the Joint Appendix of the parties (D.I. 25) contains all stipulated facts necessary for the resolution of the constitutionality of the ordinance in question, both parties agree that the trial in this matter (and the pre-trial conference) can be taken off-calendar.

The Honorable Kent A. Jordan       MORRIS, JAMES, HITCHENS & WILLIAMS LLP
April 18, 2005
Page 2

      Wawa requests oral argument on the pending cross-motions. However, because the parties are continuing to attempt to resolve this matter, the parties suggest that holding in abeyance the Court's consideration of the pending motions for a ninety-day period may obviate the need for the Court to act on the pending cross-motions.

      Respectfully submitted,

      */s/ Matthew F. Lintner*

      Matthew F. Lintner (#4371)

MFL:dbp

cc: (via e-filing)
    Clerk of the Court
    (via e-mail and U.S. Mail)
    Mary A. Jacobson, Esq.

1081815/1